**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 22-4545**

————————

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

v.

HERBERT LYNN LOWERY,

> Defendant – Appellant.

————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:21-cv-00045-LCB-1)

————————

Submitted:  November 9, 2023                    Decided:  February 5, 2024

————————

Before RICHARDSON and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

**ON BRIEF:** Peter D. Zellmer, PETER D. ZELLMER, PLLC, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Tanner L. Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herbert Lynn Lowery pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). The district court calculated Lowery's imprisonment range under the advisory U.S. Sentencing Guidelines to be 130 to 162 months and sentenced him to 146 months of imprisonment. Lowery argues on appeal that the district court erred when calculating his Guidelines sentencing range by declining to reduce his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. For the reasons that follow, we affirm.

"We review a district court's decision concerning an acceptance-of-responsibility adjustment for clear error." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Doctor*, 958 F.3d 226, 234 (4th Cir. 2020) (cleaned up). We give "great deference to the district court's decision because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *Dugger*, 485 F.3d at 239 (cleaned up).

Under the Guidelines, a district court may reduce a defendant's offense level by up to three levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a)–(b). "To earn the reduction, a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (quoting *Dugger*, 485 F.3d at 239). When evaluating a defendant's acceptance of responsibility, the sentencing court may consider, among other things, the defendant's "voluntary withdrawal from crime." *Id.* at 915 (citing U.S.S.G.

2

§ 3E1.1 cmt. n.1).  "We have upheld denials of reductions for acceptance of responsibility where, as here, the defendant continues criminal activity after . . . [a] guilty plea." *Id.*

Lowery assaulted a detention officer while awaiting sentencing after his guilty plea. Because Lowery's criminal conduct continued after he entered his plea, the district court had an adequate basis to refuse to grant a sentencing reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  *See Bolton*, 858 F.3d at 915.  We have reviewed the record, including video footage of the assault, and find no reason to conclude that the sentencing judge clearly erred in rejecting Lowery's contention that the assault was involuntary.

Accordingly, we affirm Lowery's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*